[Crim. No. 3497. In Bank.—October 27, 1931.]

THE PEOPLE, Respondent, v. L. L. GATES, Appellant.

Tom Okawara and Clyde E. Cate for Appellant.

U. S. Webb, Attorney-General, and W. R. Augustine and John D. Richer, Deputies Attorney-General, for Respondent.

PRESTON, J.—Appeal from judgment of conviction by jury, on undisputed evidence, of the crime of forgery, charged in the information as follows: That ''he falsely altered and forged the name of Sam Snyder to a check . . . in the sum of $25.00 with intent to defraud . . . ''
The information was amended pursuant to section 969a of the Penal Code to allege prior conviction of a felony and to enlarge the charge to cover the uttering of a forged instrument. This amendment was later withdrawn and the original information remained. The defendant suffered no prejudicial error through such action and the original information did not lose its efficacy.
The court in defining the offense of forgery referred to the crime of uttering as genuine a forged instrument. The two offenses are defined in correlative clauses of section 470 of the Penal Code. No prejudicial error to defendant resulted from the action of the court in this

connection for the evidence of guilt was overwhelming and it abundantly showed also that defendant did in fact utter the forged check and obtained the proceeds thereof. (*People* v. *Dole*, 122 Cal. 486, 495 [68 Am. St. Rep. 50, 55 Pac. 581].)

There was likewise no error in the action of the court respecting defendant's motion for new trial. The evidence clearly shows that upon the argument of this motion on May 5, 1931, the court merely, as a tentative conclusion, at that time stated that the motion of defendant for a new trial was granted, but as part of the same proceeding, upon interruption by the assistant district attorney, the court immediately withdrew his statement to allow the question to be argued and briefed and postponed the matter until May 11th, and again until May 12th, on which latter day an order was regularly entered denying the motion. The statement made by the court never became a finished order in the case and was at most but a preliminary impression of the court as to the merits of the motion.

The judgment is affirmed.

Langdon, J., Curtis, J., Shenk, J., Richards, J., Seawell, J., and Waste, C. J., concurred.