396 P.2d 392

STATE of Arizona, Appellee,

v.

Tom Datres JOHNSON, Appellant.

No. 1415.

Supreme Court of Arizona,

In Division.

Nov. 4, 1964.

See also 94 Ariz. 303, 383 P.2d 862.

**28.**

Robert W. Pickrell, Atty. Gen., and Robert S. Murlless, Asst. Atty. Gen., for appellee.

Ross Anderson, Phoenix, for appellant.

UDALL, Chief Justice.

Tom Johnson was one of two defendants tried jointly and convicted of burglary in the first degree. The other defendant, Marvin Harris, is not a party to this appeal by Johnson.

The facts are as follows: About 12:20 a. m. on the morning of May 29, 1963, at the Richfield gas station on the northeast corner of 7th Avenue and Indian School Road in Phoenix, Norman Sands, an employee of the gas station, saw defendant Harris bending over some tires that were lying against Sands' car. Sands' car was parked on the street (Indian School Road) in front of the service station. Sands called out and the defendant Harris got into appellant Johnson's car and they drove off. Sands recorded the license number and, suspecting something, called for help. A customer at the gas station, who had a citizen's band radio in his car, radioed for police help.

Aided by unidentified civilian automobile owners equipped with citizen's band radios, the defendants were stopped about 20 minutes later at 20th Street and Campbell Avenue and placed under arrest by Police Officer Leo Beaman. Upon searching the car, Beaman discovered a blue box containing over $12 underneath the driver's seat.

The appellant and defendant Harris were booked for vagrancy. A little later that morning, Sands called the police and reported that a blue box containing money was missing from the inside of his automobile. After a further investigation, the

appellant and defendant Harris were charged with first degree burglary.

The information charging the two defendants with first degree burglary was filed July 3, 1963. On July 30, 1963, the State moved to amend the information against appellant by charging him with a prior conviction. This motion was heard on August 12, 1963, and was granted. The form of the new information was the same as the old except the name of defendant Harris was left off the caption and the prior felony conviction allegation of appellant was added. The appellant appeared on August 14, 1963, to plead to this amended information, but no arraignment was held on it.

In a hearing in the absence of the jury the appellant moved to have an arraignment on the amended information. The state moved to strike the amended information for the reason, *inter alia,* the prior felony conviction alleged in the amended information was reversed by this court.[1] The court granted the state's motion and reinstated the original information.

The jury returned a verdict of guilty as to both defendants. The appellant brings this appeal.

■ Appellant first assigns as error the trial court's striking of the amended information and the reinstating of the original information. Appellant contends that there is no rule which allows a trial court to reinstate the original information. Appellant argues that in addition to the fact that the Rules of Criminal Procedure do not provide for such a procedure, the original information was completely superseded by the amended information and was thereafter totally null and void and could not be revived. In support of this, the defendant cites several cases for the proposition that the amending of the information destroys all the functions of the original information. Although in the broad sense these cases support the appellant's proposition, they arose out of fact situations which make them inapplicable as a guide in this case.

It should be noted the only difference between the two informations with respect to the appellant was that the amended information contained the allegation of a prior felony conviction. Before the trial, this conviction was reversed and the amended information was stricken and the original information reinstated by the trial court. Although the trial court said the original information was reinstated, in legal effect the amended information was amended to conform to the exact language of the original information. Rule 145, Arizona Rules of Criminal Procedure, 17 A.R.S. Since the defendant already had an arraignment and entered a plea to this exact charge, it would have been a futile act to

1. State v. Johnson, 94 Ariz. 303, 383 P. 2d 862 (1963).

require another arraignment and plea to the very same charge. The trial court concluded, under the circumstances of this case, no prejudice would result and that justice would be done.

Although we admit this procedure is somewhat unusual, we agree with the finding of the trial judge on this matter that no prejudice has resulted. The error, if any, was merely a technical irregularity well within the meaning of Article 6, Section 27, of the Arizona Constitution, A.R.S. which provides:

"* * * No cause shall be reversed for technical error in pleadings or proceedings when upon the whole case it shall appear that substantial justice has been done."

Also, see State v. Holman, 88 Ariz. 280, 356 P.2d 27 (1960) and Shaughnessy v. State, 43 Ariz. 445, 32 P.2d 337 (1934).

■ Appellant next assigns as error the trial court's not granting a mistrial when the chief investigation officer for the prosecution was caught discussing police duties with two jurors, and in refusing to strike the testimony of this officer. During the course of the trial, it was discovered by one of the defense attorneys that Officer Beaman, the chief investigating officer for the State, was seen in conversation with two jurors. The trial court was informed of this matter and Officer Beaman was brought before the court in chambers and in the presence of defense counsel and the court reporter, it was learned the officer did talk to the jurors. The officer said the conversation did not concern the trial, but was rather just idle conversation concerning social subjects. The trial judge concluded that although such conduct is not to be condoned, under the circumstances of this case no harm was done.

Upon an examination of the record, we find the trial judge did not abuse his discretion in this matter. Although such conduct is disapproved, it was not prejudicial and did not constitute reversible error in this case. See People v. Aguirre, 158 Cal. App.2d 304, 322 P.2d 478 (1958) and People v. Crosby, 139 Cal.App.2d 101, 292 P.2d 922 (1956). The case heavily relied upon by appellant of Pekar v. United States, 315, F.2d 319 (5th Cir.1963) involves an Assistant United States Attorney carrying on a lengthy conversation with a juror concerning his bonding business and other matters. The facts of that case show a high degree of impropriety, and unlike the case at bar, the harmlessness of the communications was not shown. The case is therefore not applicable to the situation of the present case.

■ Appellant's last two assignments of error attack the sufficiency of the evidence to convict him of burglary. The appellant was driving the get-away car when the police stopped the car after the burglary.

The blue box containing the money was under the driver's seat of the car and both the appellant and the defendant were together for some time preceding the commission of the crime. We feel after a review of the record this evidence was sufficient to sustain the conviction.

Judgment affirmed.

LOCKWOOD, V. C. J., and STRUCK-MEYER, J., concurring.