405 P.2d 894

**STATE of Arizona, Appellee,**

v.

**J. D. RICE, Appellant.**

No. 1418.

Supreme Court of Arizona.

En Banc.

Sept. 29, 1965.

Robert W. Pickrell, Atty. Gen., by Philip M. Haggerty, Asst. Atty. Gen., for appellee.

Mitchell & Stanton, Phoenix, for appellant.

BERNSTEIN, Justice.

Appellant, hereinafter called defendant, appeals from a conviction of second degree murder. After a preliminary hearing, an information was filed charging defendant with first degree murder to which he entered a plea of not guilty. Thereafter, an amended information was filed charging him with manslaughter to which he plead guilty. On the sentencing date he was allowed to withdraw his plea to the manslaughter charge whereupon the state moved to reinstate the original information. The court granted the motion and dismissed the amended information.

. Defendant argues that the filing of an amended information automatically and for all purposes renders the original information null and void. Therefore, upon dismissal of the amended information there was no valid charge to which defendant had to plead and upon which a conviction could be based. He does not allege nor does the record reveal prejudice.

The precise issue has been decided against defendant in the recent case of State v. Johnson, 97 Ariz. 27, 396 P.2d 392. We held that reinstatement of the original information was, in legal effect, an amendment of the amended information to conform to the language of the original. 97 Ariz. at p. 29, 396 P.2d 392. Rule 145, Rules of Criminal Procedure, 17 A.R.S. allows the trial court to amend the information at any time unless the defendant has been prejudiced in his defense by some defect in the information. In that event, the court may postpone trial on terms it considers proper. In an identical situation the California Supreme Court said the defendant had not suffered prejudicial error and the original information did not lose its efficacy. People v. Gates, 214 Cal. 175, 4 P.2d 541.

Affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ., concur.