**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**David Lawrence FAULKENBERY,
Defendant-Appellant.**

**No. 72–1665.**

United States Court of Appeals,
Ninth Circuit.

Jan. 22, 1973.

As Amended Feb. 12, 1973.

Certiorari Denied May 7, 1973.
See 93 S.Ct. 2161.

James F. Hewitt, Federal Public Defender (argued), J. Frank McCabe, Asst. Federal Public Defender, San Francisco, Cal., for defendant-appellant.

Dennis Michael Nerney, Asst. U. S. Atty. (argued), Jim Bruen, Asst. U. S. Atty., James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before CHOY and WALLACE, Circuit Judges, and McGOVERN,* District Judge.

CHOY, Circuit Judge:

Faulkenbery appeals his conviction on two counts by a jury, for kidnapping and transporting two persons in interstate commerce against their will in violation of 18 U.S.C. § 1201(a)(2), and for transporting a firearm in interstate commerce in violation of 18 U.S.C. § 922(g). He

* The Honorable Walter T. McGovern, United States District Judge for the Western District of Washington, sitting by designation.

received a ten year sentence on the first count and a concurrent five year sentence on the second.

The evidence showed that on December 31, 1971 a young couple driving a Volkswagen bus from Covina, California to Portland, Oregon picked up Faulkenbery, who was hitch-hiking in Oregon. Faulkenbery, using a pistol, forced the two to drive back into California. Throughout the 191 mile trip, he sexually molested the female passenger, threatened to kill the male, and emphasized his demands by firing the gun into the floor of the bus. She became hysterical and finally Faulkenbery left the vehicle so that she could be taken to a hospital. Faulkenbery was soon arrested with the firearm still in his possession.

### The Three Prior Convictions

Faulkenbery maintains that the district court erred in admitting into evidence three prior convictions [1] without allowing him to establish their constitutional invalidity. United States v. Thoresen, 428 F.2d 654, 664 (9th Cir. 1970) requires that a defendant who asserts the constitutional invalidity of a prior conviction be given a reasonable opportunity to establish the invalidity. Here, a pretrial hearing was afforded but Faulkenbery questions the adequacy of the hearing, an issue we need not decide.

 Assuming *arguendo* that the prior convictions were invalid, their use to impeach Faulkenbery was harmless beyond a reasonable doubt and did not contribute to the verdict obtained. Tucker v. United States, 431 F.2d 1292, 1293 (9th Cir. 1970). See Loper v. Beto, 405 U.S. 473, 485, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972) (White, J., concurring). The incriminating evidence detailed above was undisputed and overwhelming. Faulkenbery's only defense was that of diminished capacity due to acute intoxication. While he had been drinking that night, a large number of witnesses including the two victims, the arresting officer, the interviewing officer, a spectator at the time of arrest, and a tavern owner's wife testified that he was not intoxicated. Thus, the error, if any, is not ground for reversal.

### The Fifth Amendment Privilege Against Self Incrimination.

 Faulkenbery also contends that his Fifth Amendment privilege was violated when the district court permitted an officer to testify that his post-arrest interview of Faulkenbery was terminated without a written statement from Faulkenbery because he asserted his right to counsel. While in Ailsworth v. United States, 448 F.2d 439 (9th Cir. 1971), and United States v. White, 463 F.2d 18 (9th Cir. 1972) we held that the admission of similar statements did not constitute reversible error, we note that in both cases the statements were made inadvertently and were not prompted by the government.

Here, however, the testimony was first developed outside the presence of the jury when the defense objected to its admission. Later it was deliberately presented to the jury. In asking for counsel before making a complete statement, Faulkenbery was exercising a constitutional right. Miranda v. Arizona, 384 U.S. 436, 445, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), "To have proven that appellant requested the right to counsel and thereafter made no further statement was, we feel, as objectionable as it would have been to comment on a defendant's exercising his Constitutional right not to take the witness stand." Baker v. United States, 357 F.2d 11, 13 (5th Cir. 1966); *cf.* Fowle v. United States, 410 F.2d 48 (9th Cir. 1969).

Again, since the jury was presented with such overwhelming evidence of Faulkenbery's guilt, we hold that the il-

---

1. Faulkenbery was convicted of five prior felonies, all in the Superior Court of Napa County, California, in January 1966. Three of the five were drunk driving, one was manslaughter and one jail escape.

All of these convictions arose out of the same incident. The government did not introduce as evidence two of the drunk driving convictions.

legally admitted evidence did not contribute to the verdict. Milton v. Wainwright, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

### The Motion For Mistrial.

Faulkenbery also maintains that the district court abused its discretion when it denied his motion for a mistrial. In an attempt to impeach the female victim, defense counsel referred to a prior interview of her by himself and his investigator. The witness at one point stated that the defense attorney had lied to her then.[2]

Faulkenbery contends that this statement left a harmful impression on the minds of the jury. However, counsel did not seek by cross-examination of the witness to clarify what transpired. In fact, no effort was made to strike the response from the record and the court was not requested to give a cautionary instruction. No reference was later made to the objectionable testimony by either party.

█ The denial of a motion for a mistrial rests within the sound discretion of the trial court and can be held error only if it amounts to a clear abuse of discretion. United States v. Carlson, 423 F.2d 431, 439 (9th Cir. 1970) cert. denied 400 U.S. 847, 91 S.Ct. 94, 27 L.Ed. 2d 84. The court was not obliged to give a cautionary instruction *sua sponte. Carlson, supra* at 439. No misconduct is chargeable to the government and the trial judge, who is in the best position to evaluate the effect which the incompetent evidence may have had on the jury, did not find the statement prejudicial. We find no abuse of discretion.

### The Wrong Statute.

█ Finally, Faulkenbery contends that the conviction for interstate transportation of a firearm is invalid because he was charged under the wrong statute[3] and because prior felony conviction is an essential element of the crime and Faulkenbery's prior convictions were invalid. We do not reach either of these issues because the sentence for this conviction is concurrent with the sentence for the kidnapping conviction which we have upheld. Hirabayashi v. U. S., 320 U.S. 81, 63 S. Ct. 1375, 87 L.Ed. 1774 (1943); United States v. Tamayo, 427 F.2d 1072 (9th Cir. 1970).

Affirmed.

---

2. The defense attorney told the witness prior to the trial that if she cooperated with him there was a possibility that a trial would not be necessary because he might find out that they would have to plead guilty or the case would be dismissed. The witness apparently had the mistaken impression that she would not have to testify in court because she spoke to the defense attorney before the trial.

3. Faulkenbery contends that he should have been charged under 18 U.S.C.App. § 1202(a).