520 P.2d 294

**STATE of Arizona, Appellee,**

v.

**John L. BALLINGER, Appellant.**

**No. 2449.**

Supreme Court of Arizona,
In Banc.

March 14, 1974.

Gary K. Nelson, Atty. Gen., by Cleon M. Duke, Asst. Atty. Gen., Phoenix, for appellee.

Lawrence C. Cantor, Phoenix, for appellant.

HOLOHAN, Justice.

John L. Ballinger was tried and convicted of the crime of the unlawful sale of a narcotic drug, heroin, in violation of A.R. S. § 36–1002.02. Two agents of the Department of Public Safety testified at trial that while they had been working under cover they met the defendant, and on August 25, 1970 the defendant offered to sell them two "balloons" of heroin for $40. The defendant left to pick up the narcotics, returning approximately five minutes later, and at that time the exchange took place. The defendant was not arrested on that occasion. He was subsequently arrested and charged with the offense in October 1970 after the officers had completed their undercover assignment.

As a result of his conviction, the defendant was sentenced to confinement for a term of not less than 10 years nor more than 15 years.

The issues presented by the defendant may be summarized as:

(1) Was the defendant denied a speedy trial?

(2) Was the defendant denied an impartial jury?

(3) Was it error to deny the defense motion to limit the use of defendant's prior conviction?

(4) Should the jury have been instructed on a lesser included offense?

(5) Was there sufficient evidence to support the verdict?

In judging the defendant's contention that he was denied a speedy trial, this Court must look to all factors involved in the case. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); State v. Brannin, 109 Ariz. 525, 514 P.2d 446 (1973).

■ The defendant was arrested on November 2, 1970, and his trial in superior court began on September 28, 1971. While such a delay may not be unusual in federal practice, under Arizona standards such a period of time is considered substantial and requires an analysis of the other factors in the case. State v. Brannin, *supra*.

Most of the delay in this case took place at the preliminary hearing stage of the proceedings. Initially, after his arrest, the defendant appeared before the justice of the peace and received a prompt setting for a preliminary hearing, but counsel retained by the defendant was not ready on the date set and moved for a continuance which was granted. Twice the defense was not ready and once the hearing was continued by stipulation. These continuances delayed the proceedings from December 8, 1970 to March 4, 1971. Never in these appearances did counsel for the defendant urge or complain of delay. When the defendant was first arraigned in superior court, he waived the 60-day time period for trial.

On motion of the defense the information was ordered quashed and the case remanded to the justice court for further, hearing. Further hearing was had, and the defendant was again bound over to the superior court. An information was filed, the defendant arraigned, and the cause set for trial. At the second arraignment on August 11, 1971 the defendant did not waive the 60-day trial period, and his trial was set for September 14, 1971.

Due to witness problems the State moved for, and was granted, a two-week delay until September 28, 1971 for the trial. The continued date was well within the 60-day trial period.

The defendant does not point out any particular element of prejudice to his case, and a review of the record shows that there was no prejudice to his position. The defendant does not indicate anything, other than lapse of time, which would indicate that the State failed to discharge its constitutional duty to make a diligent good faith effort to bring the defendant to trial.

Considering the circumstances shown in this case there was no violation of the defendant's right to a speedy trial, and any delay was either at the request of the defense or based on reasonable grounds.

■ The defendant challenges the ruling of the trial court in refusing to excuse a certain juror. The record shows that a relative of a juror told the juror that there was an article concerning the case in the newspaper, but nothing was said about what the article said, and the juror stated she had not read the article. The trial court heard the matter fully and refused to excuse the juror, finding that the juror was not prejudiced by what she heard. Where no prejudice can be shown, such conduct is not reversible error. State v. Johnson, 97 Ariz. 27, 396 P.2d 392 (1964).

■ The defendant contends that it was error to deny his motion in limine which would have excluded any references in cross-examination to his prior convictions and a conviction pending on appeal when he took the stand to testify. This ruling, he argues, denied him the right to take the witness stand in his own defense. The rule is well settled in this jurisdiction that a witness may be impeached by the showing of a prior felony conviction, State v. Sorrell, 85 Ariz. 173, 333 P.2d 1081 (1959), except where it is so remote as to be irrelevant to his present credibility. State v. Harvill, 89 Ariz. 340, 362 P.2d 663 (1961). This latter proposition is within the discretion of the trial court. Sebley v. Jeffreys, 76 Ariz. 340, 264 P.2d 831 (1953). Even though a conviction is on appeal, it is considered a complete conviction for impeachment purposes. State v. Reeden, 106 Ariz. 409, 477 P.2d 240 (1970). The constitutionality of impeachment by prior felony conviction has been consistently upheld by this Court. State v. King, 110 Ariz. 361, 514 P.2d 1032 (1973); State v. Mayes, 110 Ariz. 318, 518 P.2d 568 (1974). The ruling of the trial court was proper.

■ The trial court must give instructions to the jury on every grade of offense, reasonably supported by the evidence and to refuse to instruct on other offenses not reasonably supported by the evidence. State v. Dixon, 107 Ariz. 415, 489 P.2d 225 (1971). The defendant urges that it was error for the trial court not to instruct the jury on the lesser offenses of possession of narcotics and possession of narcotics for sale. The contention of the defendant is incorrect where the evidence is that the possession is incidental to the sale or obtained solely for the purpose of the particular sale. State v. Hanshe, 105 Ariz. 396, 466 P.2d 1 (1970); State v. Duplain, 102 Ariz. 100, 425 P.2d 570 (1967); State v. Vallejos, 89 Ariz. 76, 358 P.2d 178 (1960). The possession is merged into the sale, and there is one offense.

■ Instructions on lesser offenses are not justified if the state of the record is such that the defendant can only be guilty of the crime charged or not at all. State v. Schroeder, 95 Ariz. 255, 389 P.2d 255 (1964); State v. Hatten, 106 Ariz. 239, 474 P.2d 830 (1970).

There is no contention by the defense that the lesser offense was committed and the State failed to prove an element of the greater crime. The theory of the defense was that the defendant did not do the acts charged and that the State failed to prove the commission of a crime. The submission of the case to the jury on the principal charge was the only proper procedure, for the evidence either supported a conviction on the charge or an acquittal, not a conviction of a lesser charge.

The last contention of the defense is that the evidence was insufficient to justify the verdict of conviction. The defense moved for a directed verdict at the close of the State's case and renewed the motion at the close of all the evidence. It is the contention of the defense that the State failed to prove the offense because it was not shown that the heroin, alleged to be sold, was a usable amount and that the evidence of the State was incredible.

■ To sustain a conviction for possession of narcotics the State must prove that there was a usable amount of narcotics, but in State v. Espinosa, 101 Ariz. 474, 421 P.2d 322 (1966) it was held that to sustain a conviction for sale of narcotics, proof of a usable amount of narcotics is not required. It is the sale of any amount of narcotics which is prohibited.

■ When the sufficiency of the evidence in a criminal case is questioned, the appellate court must determine whether there is substantial evidence to support the verdict. State v. Bearden, 99 Ariz. 1, 405 P.2d 885 (1965). Evidence is not insubstantial simply because the testimony is conflicting or reasonable persons may draw different conclusions from the evidence. State v. Bearden, *supra*; Macias v. State, 39 Ariz. 303, 6 P.2d 423 (1931).

■ Reviewing the evidence it is abundantly clear that there is substantial evidence to support the verdict. The testimony of the two officers called by the State supplied the facts showing the circumstances of the illegal sale. If their testimony is accepted the elements of the offense were proven. The defense did not offer any evidence which would discredit the testimony of the officers. The verdict of the jury was amply supported by substantial evidence.

Judgment affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.