527 P.2d 508

**STATE of Arizona, Appellee,**

v.

**Raymond Leonard REESE, Appellant.**

**No. 2769.**

Supreme Court of Arizona,
In Banc.

Oct. 23, 1974.

Rehearing Denied Nov. 26, 1974.

Gary K. Nelson, Former Atty. Gen., N. Warner Lee, Atty. Gen., by Grove M. Cal-

lison and Frank T. Galati, Asst. Attys. Gen., Phoenix, for appellee.

Raymond W. Brown and William Lee Eaton, Prescott, for appellant.

HOLOHAN, Justice.

Appellant Raymond Leonard Reese appeals from his conviction for first degree burglary with a prior felony conviction. He was sentenced to prison for a term of not less than 10 nor more than 12 years.

Four issues are raised by this appeal: 1) whether the trial court properly ordered appellant's vehicles impounded and sold, 2) whether appellant's right to represent himself was denied, 3) whether certain evidence was prejudicial, and 4) whether the verdict was supported by the evidence.

Reese requested the appointment of counsel to represent him. In determining the question of indigency for purposes of appointing counsel, the trial court ascertained that Reese owned two automobiles. One of the autos was impounded by the City of Prescott as evidence of the burglary. The other vehicle, a pickup truck, was located in Phoenix. The defendant estimated the value of each vehicle as being about $100.

The trial judge stated:

" . . . The Court is going to declare Mr. Reese an indigent person; however, the Court is going to put this limitation on that declaration, and that is that the automobiles that you own be picked up and sold for their fair market value and that they [*sic*] amount they are sold for be applied for the payment of your attorney's fees, and I will appoint Mr. Kemp Wilhelmsen to represent you."

The defendant then withdrew his request for counsel. The record discloses the following:

"THE COURT: At this time you waive your right to have the Court appoint you an attorney?

"MR. REESE: Under the circumstances the Court has stipulated, yes."

After a discussion at the bench, the court continued its order:

"THE COURT: All right, the Court is going to do this. I am going to appoint Mr. Kemp Wilhelmsen to represent you. I am going to continue the order to sell your automobiles and you can work out the deal with him in respect to the automobiles.

"MR. REESE: I will not give you permission to sell my cars, Your Honor."

■ The issue of whether the trial court could lawfully order the personal property of the defendant impounded and sold is not properly before us in this appeal. The disposition of property is not a proper subject for a criminal appeal. We do note, however, that there is no showing in the record that the trial court ever ordered the automobiles actually impounded and sold. After the trial court continued his order to sell the automobiles, there is no showing that there was ever any further action by the trial court to effect the sale of the vehicles.

The record discloses that appointed counsel was ordered paid for his services by the county, which fact adds weight to the conclusion that the property of the defendant was not sold to pay the cost of the attorney's fee.

The next issue raised by the appellant is the claim that he was denied the right to represent himself as guaranteed by the Arizona Constitution, Art. 2, § 24, A.R.S.

■ Clearly, under the Constitution of Arizona the accused is vested with the right to represent himself. State v. Martin, 102 Ariz. 142, 426 P.2d 639 (1967); State v. Van Bogart, 85 Ariz. 63, 331 P.2d 597 (1958). The decision to waive counsel must be intelligent and competent. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Once it is determined that there has been a competent waiver of counsel, the trial court may not thrust counsel upon the defendant. State v. Martin, *supra.*

Reese had originally indicated his desire that the court appoint counsel for him. He only sought to waive that right after the judge ordered his vehicles sold to help defray attorney's fees. It cannot be argued that his decision was a free and voluntary one.

The same Article 2, § 24 of the Arizona Constitution which guarantees the right of the accused to appear and defend in person and by counsel also provides:

" . . . and in no instance shall any accused person before final judgment be compelled to advance money or fees to secure the rights herein guaranteed."

Reese had initially requested that he be provided with appointed counsel, and it was not until the forfeiture order that he sought to withdraw his former request and represent himself. After the trial court retreated from enforcing its forfeiture order, Reese did not at any time thereafter renew the request to represent himself, and the record supports the conclusion that he thereafter raised no objection to being represented by his appointed counsel. Under the circumstances of this case we find that there was not a valid waiver of counsel, and it was proper to have appointed counsel represent the defendant.

Appellant next objects to the offer into evidence of a gun found several days after the crime at the location of the burglary. The use of the gun was restricted to laying a foundation after it was marked for identification. Defense counsel's objections to its admission and further questioning about the gun were sustained. The brief role of the gun in the trial did not prejudice the rights of the defendant.

Appellant Reese lastly suggests that he could only be convicted of second degree burglary because he claimed to have broken into the building during the daylight hours. It is true that Reese testified that he entered the premises during the daylight hours, but the evidence on behalf of the state showed that the silent alarm set off by the defendant's entry occurred at night, and his arrest and apprehension in the building likewise occurred at night.

When the sufficiency of the evidence in a criminal case is questioned, an appellate court need only determine whether there is substantial evidence to support the verdict. State v. Ballinger, 110 Ariz. 422, 520 P.2d 294 (1974); State v. Johns, 105 Ariz. 123, 460 P.2d 177 (1969); State v. Bearden, 99 Ariz. 1, 405 P.2d 885 (1965). This Court will not upset the verdict on review where there is substantial evidence to support it. State v. Trotter, 110 Ariz. 61, 514 P.2d 1249 (1973). A review of the evidence supports the conclusion that there was substantial evidence to support the verdict.

Judgment affirmed.

HAYS, C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.

CAMERON, Vice Chief Justice.

I concur in the result.