546 P.2d 1142

**The STATE of Arizona, Appellee,**

v.

**Albert Rivera ASTORGA, Appellant.**

**No. 2 CA–CR 730.**

Court of Appeals of Arizona, Division 2.

March 17, 1976.

Rehearing Denied April 14, 1976.

Bruce E. Babbitt, Atty. Gen. by Barbara E. Fisher, Asst. Atty. Gen., Tucson, for appellee.

John M. Neis, Pima County Public Defender by Kenneth J. Peasley, Asst. Public Defender, Tucson, for appellant.

## OPINION

HOWARD, Chief Judge.

Appellant was placed under surveillance by law enforcement officers in a local bar. Approximately three and one-half hours later, he was arrested and charged with possession of heroin for sale. Five papers of heroin were discovered under the seat-cover of a barstool near the area where appellant had been sitting for those several hours. His fingerprints were found on two of the five papers.

During that period of observation appellant was approached by between nine and fifteen people. On several of these occasions appellant reached over to the area of the barstool and it appeared that some sort of an exchange took place. The officers, however, never saw anyone hand appellant any money or appellant hand anything to any of the persons who approached.

At trial appellant's explanation of the presence of his fingerprints on the two papers of heroin was that at one point while he was at the bar he went outside and met a man in a car who wanted to sell him some heroin. This man handed him two papers of heroin which he later returned. Appellant denied knowing that narcotics were under the seatcover of the barstool and that any sale of narcotics took place. A defense witness who was in the bar testified that he did not see anything out of the ordinary taking place.

Appellant was charged with possession of a narcotic drug for sale, with three prior convictions for narcotics offenses. He was found guilty by the jury of the lesser included offense of possession of a narcotic drug. He was sentenced to a term of not less than 15 nor more than 20 years in the Arizona State Prison.

■ Prior to impanelment of the jury, appellant made a motion in limine requesting the trial court to forbid the State from introducing evidence of appellant's prior convictions for possession of heroin and sale of heroin. The trial court denied this motion and appellant now contends this was error. We do not agree.

■ Appellant had served notice on the county attorney that entrapment would be a defense. Evidence of prior bad acts is admissible to show the intent of the accused in an entrapment case. *State v. Petralia*, 110 Ariz. 530, 521 P.2d 617 (1974. The fact that entrapment was going to be a defense was brought out in the argument at the motion and appellant made no offer to abandon the defense at that time.

■ While recognizing the authority of *Petralia*, supra, appellant claims that the rule espoused in *Petralia* was not operative until such time as he at the trial itself, brought out by cross-examination or otherwise, the defense or entrapment. Assuming arguendo the efficacy of this argument, appellant waived any right to object when the evidence of a prior conviction was brought out by defense counsel in his cross-examination of the State's witnesses. Appellant claims he did not intend to waive this objection but rather was anticipating the introduction of this evidence by the State as he was forced to do by virtue of the trial court's ruling on his motion in limine. This argument has no merit. The State's attorney stated at trial that he did not know whether he would in fact put on evidence of prior bad acts. Appellant's cross-examination opened the door when he brought out the fact that appellant was on probation for sale of heroin and was on a methadone maintenance program. Appellant cannot now claim that the denial of the motion in limine forced him to bring out his prior bad acts. It was not until appellant took the witness stand that the State, for impeachment purposes, brought out the facts of the prior convictions. Having chosen to run himself through with his own sword, appellant cannot now be heard to complain that the wound was fatal.

Citing *State v. Tuell*, 112 Ariz. 340, 541 P.2d 1142 (1975) appellant claims that the trial court's ruling on his motion "chilled" his exercise of the right not to take the witness stand. That case is patently inapposite to the situation here. In *State v. Tuell*, supra, the defendant was charged with Count I, unlawful sale of narcotics and Count II, unlawful possession of narcotics for sale. The first count was alleged to have occurred on February 18, 1974 and the second on February 20, 1974. The counts were severed for trial and in the trial on Count I the court ruled that the subsequent bad acts would be admissible but prohibited the State from using ad-

ditional witnesses to present them. The trial court refused to preclude the prosecutor from impeaching the appellant with the subsequent bad acts. Defense counsel indicated to the court that because of the ruling he could not put the defendant on the stand because he would then be asked questions that would incriminate him as to another pending charge. Although no evidence of any subsequent crime was presented at the trial, our Supreme Court held that the court erred in denying the motion in limine since the subsequent acts were not admissible under any exception to the general rule that evidence showing or tending to show the commission of another crime entirely distinct and independent of that for which a defendant is on trial is neither relevant nor admissible. Therefore, the Court concluded the trial court effectively precluded the defendant from exercising his constitutional right to testify in his own behalf. Here the situation is different. The prior convictions were clearly admissible for impeachment purposes. Until appellant decided to anticipate the State's evidence, there had been no testimony as to prior bad acts. There is no similarity between the facts of this case and those of *State v. Tuell*, supra.

■■ Appellant next complains that the trial court committed reversible error by instructing the jury, over his objection, on the lesser included offense of possession of a narcotic drug. This contention has no merit for two reasons. First, we have searched the record and are unable to find any objection to the instruction on the lesser included offense. This failure to object precludes appellant from claiming on appeal that giving the instruction was erroneous. Second, unlike the situation in *State v. Ballinger*, 110 Ariz. 422, 520 P.2d 294 (1974) there was a question as to whether appellant's possession of the heroin was incidental to a sale or obtained solely for the purpose of a sale. One prong of appellant's defense at trial was that no sales had taken place. The jury

could very well have believed the defense theory but still have believed that appellant was in possession of the heroin.

■ Appellant contends the trial court committed reversible error by sentencing him pursuant to the enhanced punishment provisions of A.R.S. Sec. 36–1002(C). This claim is based upon the fact that the trial court, after the jury returned its verdict, directed a verdict of guilty on three prior convictions, then ten days later entered a nunc pro tunc order by which it took judicial notice of certified copies of the prior convictions. The foregoing statute provides in part:

"If such a person has been previously convicted two or more times of any felony offense described in this article, . . . the previous convictions shall be charged in the indictment or information and if found to be true by the jury, upon a jury trial, or if found to be true by the court, upon a court trial, or are *admitted* by the defendant, he shall be imprisoned in the state prison from fifteen years to life, and shall not be eligible for release upon completion of sentence, or on parole, or in any other basis until he has served not less than fifteen years in prison."

Appellant contends that his admission before the jury of a felony conviction was coerced in violation of *State v. Tuell*, supra. As we have previously stated, *State v. Tuell*, supra, has no application to this case and appellant's contention is without merit. Based upon appellant's admission, the trial court properly found him guilty of the prior convictions pursuant to A.R.S. Sec. 36–1002(C) and the nunc pro tunc order, admitting into evidence certified copies of the convictions, was mere surplusage.

■ Appellant lastly contends that the trial court committed reversible error by not instructing the jury concerning the limited purpose for which evidence of prior bad acts was admitted. The jury was instructed that prior felony convic-

tions could be considered solely for impeachment purposes. Appellant now contends the court further erred by not instructing that the evidence of priors which was adduced in the State's case in chief could be considered only upon the issues of intent and knowledge. Having failed to request such an instruction appellant may not now claim such failure to instruct was error on appeal. Rule 21.3(c), Rules of Criminal Procedure, 17 A.R.S.

Affirmed.

KRUCKER and HATHAWAY, JJ., concur.