547 P.2d 522
**STATE of Arizona, Respondent,**

v.

**Raymond Leonard REESE, Petitioner.**

**No. 1 CA-CR 1465-PR.**

Court of Appeals of Arizona,
Division 1,
Department B.

April 1, 1976.

---

**252**

Charles E. Preimsberg, Yavapai County Atty., by Robert W. Kuebler, Jr., Deputy County Atty., Prescott, for respondent.

Boyle & Brown, by William Lee Eaton, Prescott, for petitioner.

## OPINION

SCHROEDER, Judge.

Petitioner Raymond Leonard Reese seeks review of the trial court's denial of his petition for post-conviction relief, pursuant to Rule 32.1 *et seq.*, Arizona Rules of Criminal Procedure, 17 A.R.S. He asks that his conviction be set aside due to the prosecution's use of an invalid prior conviction for impeachment purposes during petitioner's trial. We grant review and deny relief.

Petitioner was convicted of first degree burglary on March 28, 1973. He was sentenced to a term of 10 to 12 years, based on the allegation of a prior felony conviction in Maricopa County in 1960. The instant burglary conviction was affirmed by our Supreme Court in *State v. Reese,* 111 Ariz. 249, 527 P.2d 508 (1974).

In February of 1975, Reese moved for post-conviction relief, after having obtained a determination by the Maricopa County Superior Court that the 1960 conviction was constitutionally defective in that, when the guilty plea was accepted, there had been no knowing waiver of constitutional rights including the right to counsel. Petitioner sought both a reconsideration of the sentence in this case, and also a new trial based on the impermissible use of an uncounseled conviction to impeach him at trial. The trial court granted his request for reconsideration of sentence, and reduced the sentence to 7 to 10 years. However, the trial court denied the request for new trial, finding that any improper use of the invalid prior conviction for impeachment was merely harmless error. Petitioner's motion for rehearing and the present petition for review followed.

It is well established that use of invalid prior convictions is error of constitutional dimension. This is true both with respect to the use of such convictions in enhancement of sentencing, *Burgett v. State of Texas,* 389 U.S. 109, 115, 88 S.Ct. 258,

262, 19 L.Ed.2d 319 (1967); *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), as well as for impeachment purposes. *Loper v. Beto,* 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972). However, the use of such convictions for impeachment purposes may be so insignificant in the context of the trial itself as to be rendered harmless error. *Bates v. Nelson,* 485 F.2d 90 (9th Cir. 1973), cert. denied sub. nom., *Bates v. McCarthy,* 415 U.S. 960, 94 S.Ct. 1491, 39 L.Ed.2d 575 (1974); *United States v. Faulkenbery,* 472 F.2d 879 (9th Cir. 1973).

■■ In the instant case, the trial court properly determined that the use of the invalid prior conviction as a basis for an enhanced punishment was improper. The invalid conviction was the only prior felony conviction which the State relied upon and proved in the prior conviction hearing. However, the invalidity of the conviction for enhancement purposes does not automatically require reversal of the conviction because the invalid conviction was also used for impeachment purposes during the trial. As was pointed out in *Thomas v. Savage,* 513 F.2d 536, 539 (5th Cir. 1975), the Supreme Court itself, in holding that reliance on an invalid conviction required resentencing, let stand the Ninth Circuit's determination of harmless error in connection with the conviction's introduction into evidence at the trial. *United States v. Tucker, supra,* aff'g 431 F.2d 1292 (9th Cir. 1970).

We are keenly aware that when error of a constitutional nature is present, courts must proceed with great caution in finding that the error is harmless. We should heed the admonition of Justice Black that harmless error requires a showing that the error did not contribute to the conviction "beyond a reasonable doubt." *Chapman v. State of California,* 386 U.S. 18, 23, 87 S.Ct. 824, 827, 17 L.Ed.2d 705 (1967).

In determining whether the use of a prior invalid conviction for impeachment pur-

poses is harmless in the circumstances of a given case, the courts have looked principally to the strength of the evidence against the defendant independent of the prior conviction. *See Bates v. Nelson, supra; United States v. Faulkenbery, supra; Subilosky v. Moore,* 443 F.2d 334 (1st Cir. 1971); *Gilday v. Scafati,* 428 F.2d 1027 (1st Cir. 1970); *Burford v. State of Alaska,* 515 P.2d 382, 383 (Alas.1973); *People v. Neal,* 528 P.2d 220 (Colo.1974); *People v. Moore,* 391 Mich. 426, 216 N.W.2d 770 (1974); *State v. Palmigiano,* 112 R.I. 1348, 309 A.2d 855 (1973).

Courts have also considered whether there were other valid prior convictions introduced to impeach the defendant's credibility. *See, e. g., Subilosky v. Moore, supra; Gilday v. Scafati, supra; Burford v. State, supra; State v. Palmigiano, supra; People v. Moore, supra.* At trial, as opposed to the prior conviction hearing for enhancement purposes where only one prior conviction was proper, three other valid convictions were used to impeach the defendant. The evidence against Reese at the trial was strong indeed.

Reese was charged with a January, 1973 burglary of a store in Prescott, Arizona. The policeman who first responded to the burglary alarm at approximately 8:30 p. m. identified Reese as the man he saw at the cash register inside the store. Other witnesses identified Reese as the man arrested approximately an hour and a half later hiding in the rafters of the store. Reese himself took the stand and described how he had entered the building through the window in order to rob the cash drawers. He thus fully admitted that he had committed burglary, but contended that he had entered the building in the daytime and thus should be convicted only of burglary in the second degree.[1]

Reese testified that it was still light when he actually entered the building. He did not state the time at which he entered and also could not testify that it was before

---

1. First degree burglary is burglary in the nighttime; A.R.S. § 13–302(B). Nighttime

is the period between sunset and sunrise; A.R.S. § 13–301(2).

sunset. He stated only that it was "at sunset" and admitted that the sun had gone behind the mountain. When asked why the alarm went off at 8:30 p. m., several hours after sunset, his explanation was that when he entered the window, he slipped, fell, and was rendered unconscious for a period of hours. He testified that when he regained consciousness, he walked through swinging doors to the room where the cash register was kept, and at that point triggered the alarm. There was no corroborative evidence of any injury which would have caused such sustained unconsciousness. No other witnesses testified on his behalf.

Reese on direct examination described four prior felony convictions. The improper conviction at issue here was only one of these. The prosecutor on cross-examination referred to all four of the convictions.

■ In view of the nature of the prosecution's evidence against the defendant, the nature of his own testimony, and the proper use of the three other prior convictions, we agree with the trial court that the prosecutor's use of this conviction was of no consequence. *See Gilday v. Scafati, supra.* The jury's verdict, reached after no more than 25 minutes' deliberation, could not have been materially influenced by the prosecution's reference to the single prior invalid conviction.

The record in this case further reflects a different basis for denial of relief. A defendant may waive his right to object later to the use of an improper conviction if at the time of the trial he had reason to know of the invalidity. *See, e. g., United States v. Penta,* 475 F.2d 92 (1st Cir. 1973); *State v. Miscavage,* 62 N.J. 294, 301 A.2d 136 (1973). Reese himself, during the course of direct examination, brought out all four prior felony convictions, apparently wishing to take the sting out of cross-examina-

tion. He made no contention at any time during the trial that one of the convictions was invalid. When the prosecutor referred to the invalid conviction in cross-examination, no objection was raised.

■ However, at the sentencing hearing, held immediately after the jury verdict was entered and on the same day of defendant's testimony, the defendant did raise an objection to the use of the 1960 conviction for sentencing purposes.[2] Thus the record would seem conclusively to reflect that the defendant during the trial knew of a possible infirmity with respect to the conviction, but failed to raise any objection. The record strongly indicates that as a matter of trial strategy, petitioner chose to invite error with respect to the prior conviction. Such tactics are to be discouraged. *See State v. Wilcynski,* 111 Ariz. 533, 534 P.2d 738 (1975); *State v. Mangrum,* 98 Ariz. 279, 403 P.2d 925 (1965); *State v. Banks,* 24 Ariz.App. 369, 539 P.2d 173 (1975).[3]

Our Criminal Rule 32.2 expressly incorporates the general principle that a defendant may make a knowing waiver at trial of his right to assert error as post-conviction relief. However, the rule goes on to require that in the hearing on post-conviction relief, the State must affirmatively plead and prove the waiver. In this case, the State did not raise the waiver question at all in the post-conviction proceedings before the trial court, and the defendant had no meaningful opportunity to offer what rebuttal he might have had. We, therefore, decline to rest our affirmance on the ground of waiver. We believe, however, that this case illustrates the importance of both parties' raising all possible post-conviction relief issues before the trial court.

Relief denied.

JACOBSON, P. J., and WREN, J., concur.

---

2. The Superior Court at that time erroneously determined that the conviction was valid, and corrected its error with respect to sentencing on this post-conviction relief petition.

3. Reese's trial counsel withdrew from further representation after the enhancement hearing on the grounds that his advice concerning the conduct of the trial had not been followed by the defendant.