**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John D. COLLINS, Defendant-Appellant.**

No. 81–1236
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 24, 1982.

Alvin H. Badger, Dallas, Tex. (Court-Appointed), for defendant-appellant.

Shirley Baccus-Lobel, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before GEE, GARZA and TATE, Circuit Judges.

PER CURIAM:

The fact of guilt is not disputed on this appeal from Collins' convictions of theft and forgery. Appellant's challenge is limited to the admissibility of certain government exhibits found in the back seat of his car, on grounds that the Secret Service failed to obtain a warrant before arresting him and before searching the passenger compartment of his car.

At around noon, one Ann Lacey was arrested at Ward's Drug Store in Dallas trying to pass a stolen and forged United States treasury check. The agents were aware that a quantity of checks had recently been stolen from the area where Lacey was arrested. Interviewed at Secret Service headquarters, Lacey told the agents that Collins had come by her house earlier that day and that they had cashed checks together after obtaining fraudulent identification. She had cashed stolen checks with Collins before. Lacey had taken the check for which she was arrested from the top of a stack of checks underneath the floor mat of the car. She also told the agents that Collins probably would cash more checks and would be either in his black Cadillac or in a white panel truck. When Lacey was arrested at the drug store, Collins and another man had been waiting outside in a blue and white Torino. The manager of the store, after detaining Lacey, recorded the license number and told the men that he would report it to the police.

In mid-afternoon, Lacey left with the Secret Service agents in a surveillance car to locate Collins. They did, following him to a food store where Collins and another man waited in the car while a woman went inside. Collins and his companions were arrested. Prior to seizing an unsealed sack containing stolen treasury checks from the back seat of Collins' car, the agents removed Collins and the other man from the car and handcuffed them. One of the checks seized was the subject of the two counts of the indictment.

Secret Service agents are "authorized to make arrests without warrant for . . . any felony cognizable under the laws of the

United States if they have reasonable ground to believe that the person to be arrested has committed or is committing such felony." 18 U.S.C. § 3056. This statute codifies the rule of the common law, stated in *Samuel v. Payne,* 99 Eng.Rep. 230 (K.B.1780), and reaffirmed in *United States v. Watson,* 423 U.S. 411, 416–24, 96 S.Ct. 820, 824–828, 46 L.Ed.2d 598 (1976), which upheld the validity of a similar statute giving postal inspectors the right to make warrantless felony arrests. The first-hand information supplied by Lacey and Ward's that Collins possessed stolen treasury checks constituted probable cause that he had committed a felony. No arrest warrant was required.

The exhibits that Collins seeks to suppress were seized from the back seat of his car at the time he was arrested for a felony.

> [W]hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.
>
> It follows from this conclusion that the police may also examine the contents of any containers found within the passenger compartment . . . . Such a container may, of course, be searched whether it is open or closed . . . .

*New York v. Belton,* 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768, 775 (1981) (footnotes omitted). Therefore, no warrant was required.

Collins' points are meritless. His convictions are

AFFIRMED.