648 P.2d 119
**STATE of Arizona, Appellee,**

v.

**Cruz Oscar RAMOS, Appellant.**

**No. 5489-PR.**

Supreme Court of Arizona,
En Banc.

June 30, 1982.

**5**

Robert K. Corbin, Atty. Gen. by William J. Schafer III, and Gary A. Fadell, Asst. Attys. Gen., Phoenix, for appellee.

David M. Gerson, Tucson, for appellant.

HAYS, Justice.

After a jury trial, appellant Cruz Oscar Ramos was found guilty of theft of property pursuant to A.R.S. § 13–1802(A)(5) and was sentenced to a term of eight years. The Court of Appeals reversed and remanded. After denial of its motion for rehearing, the state filed a timely petition for review which we granted.

We take jurisdiction pursuant to A.R.S. § 12–120.24 and 17 A.R.S. Rules of Criminal Procedure, rule 31.19. The question presented is whether A.R.S. § 13–503, as amended, is violative of due process. Because we hold that the statute is not unconstitutional, we also address appellant's contention that his sentence is excessive. The opinion of the Court of Appeals is vacated.

Appellant's conviction stems from the theft of a Ford Bronco from a Tucson restaurant parking lot. Police attempted to stop appellant near the Mexican border for exceeding the speed limit. A registration check of the Ford Bronco indicated it had been reported as stolen. Following a high-speed chase, appellant was apprehended. He was intoxicated at the time.

At trial appellant requested that the court instruct the jury pursuant to A.R.S. § 13–503, as amended, that it could consider the effects of intoxication upon appellant's culpable mental state. The statute provides:

"No act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition, but when *the actual existence of the culpable mental state of intentionally or with the intent to* is a necessary element to constitute any particular species or degree of offense, the jury may take into consideration the fact that the accused was intoxicated at the time in determining the culpable mental state with which he committed the act." (Emphasis added).

The trial court refused to give the requested instruction.

Prior to April 23, 1980, the jury could consider the fact that an accused was intoxicated in determining whether he had the required mental state to commit the act.[1] Today the jury may consider such intoxication only if the crime charged requires the culpable mental state of intentionally or with the intent to.[2]

CONSTITUTIONALITY OF STATUTE

Appellant was charged with theft pursuant to A.R.S. § 13–1802(A)(5) which provides:

"A. A person commits theft if, without lawful authority, such person *knowingly*:

. . . .

5. Controls property of another *knowing* or *having reason to know* that the

---

1. Prior to April 23, 1980, A.R.S. § 13–503 stated:

"No act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition, but when *the actual existence of any particular culpable mental state* is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time in determining the culpable mental state with which he committed the act." (Emphasis added).

2. Under the new criminal code the terms "general" and "specific intent" are no longer used. They have been replaced by the concept of "culpable mental state" which is comprised of intentionally, knowingly, recklessly, and with criminal negligence. A.R.S. § 13–105(5) as amended.

**6**

property was stolen; ..." (Emphasis added).

◼ Appellant contends the jury could not consider his intoxication to determine whether he committed the crime "knowingly"; therefore, the state was relieved of proving an element of the crime charged. A divided Court of Appeals held that A.R.S. § 13–503, as amended, was an unconstitutional violation of the due process clause of the fourteenth amendment. We find the statute to be constitutional. An act of the legislature is presumed constitutional, and where there is a reasonable, even though debatable, basis for enactment of the statute, the act will be upheld unless it is clearly unconstitutional. *State v. Murphy*, 117 Ariz. 57, 61, 570 P.2d 1070, 1074 (1977).

◼ In the instant case, the prosecution is not relieved of the ultimate burden of persuasion. Perhaps the state of mind which needs to be proven here is a watered down *mens rea*; however, this is the prerogative of the legislature. The legislature has wide latitude in promulgating state substantive criminal law. The United States Constitution reserves to the states considerable freedom in defining crimes, including mental elements required, and in establishing penalties for the crimes defined. *See Powell v. Texas*, 392 U.S. 514, 535–36, 88 S.Ct. 2145, 2156, 20 L.Ed.2d 1254 (1968).

Judge Hathaway, in his well-reasoned dissent, draws an analogy to the insanity defense. Arizona has adopted the M'Naghten test for sanity as the sole standard for criminal responsibility. *State v. Christensen*, 129 Ariz. 32, 35, 628 P.2d 580, 583 (1981); A.R.S. § 13–502. The defenses of diminished capacity and irresistible impulse have been rejected by the legislature even though they might be relevant to the accused's state of mind. Psychiatric testimony to negate specific intent has consistently been excluded. *State v. Laffoon*, 125 Ariz. 484, 486, 610 P.2d 1045, 1047 (1980).

Here, even though intoxication might be relevant to appellant's culpable mental state, the legislature has chosen not to allow evidence of intoxication to negate such mental state. It may have been more consistent had the legislature also excluded evidence of intoxication for crimes requiring the culpable mental state of intentionally, or had it included both *knowingly* and *intentionally* in the statute. We must, however, interpret the law as written. *O'Malley Lumber Co. v. Riley*, 126 Ariz. 166, 169, 613 P.2d 629, 631 (App.1980); *Ernst v. Collins*, 81 Ariz. 178, 181, 302 P.2d 941, 943 (1956).

In the instant case, appellant contends that A.R.S. § 13–503 creates a presumption that the crime was committed knowingly. We disagree. The jury was not instructed to presume the element of knowledge. It was instructed that the state must prove each element of the charge beyond a reasonable doubt. Additionally, it was instructed that the crime required, *inter alia*, the culpable mental state of knowingly.

◼ The state introduced evidence by the owner of the truck that the truck was taken without his permission and that the ignition was tampered with, making use of a key unnecessary. Evidence was also presented regarding the arresting officer's attempts to stop the truck, the subsequent chase, and appellant's control of the vehicle when it was stopped. Intent to commit theft or any felony can be shown by circumstantial evidence. *State v. Brooks*, 126 Ariz. 395, 399, 616 P.2d 70, 74 (App.1980); *State v. Taylor*, 25 Ariz.App. 497, 499, 544 P.2d 714, 716 (1976). The jury could properly infer the requisite mental state from the proffered evidence.

◼ Evidence, even though relevant, may sometimes be excluded for reasons of policy. *See generally State ex rel. Pope v. Superior Court*, 113 Ariz. 22, 545 P.2d 946 (1976). In this case, public policy dictates that one who voluntarily seeks the influence of alcohol should not be insulated from criminal responsibility. Furthermore, evidence of intoxication is not necessarily relevant.

"The great majority of moderately to grossly drunk or drugged persons who commit putatively criminal acts are probably aware of what they are doing and the likely consequences. In the case of

those who are drunk, alcohol may have diminished their perceptions, released their inhibitions and clouded their reasoning and judgment, but they still have sufficient capacity for the conscious mental processes required by the ordinary definitions of all or most specific *mens rea* crimes."

*State v. Stasio*, 78 N.J. 467, 478, 396 A.2d 1129, 1134 (1979) (citing Murphy, *"Has Pennsylvania Found a Satisfactory Intoxication Defense?*, 81 Dick.L.Rev. 199, 208 (1977)). Additionally, if one trusts in the adage *"in vino veritas"* the law allows conviction of those whose acts while intoxicated have exposed their true nature.

The legislature has made a policy decision which resulted in passage of A.R.S. § 13–503. The state still has the burden of proving each element of the crime charged beyond a reasonable doubt.

EXCESSIVE SENTENCE

Because we find the statute is not unconstitutional, we must address appellant's contention that his sentence to a term of eight years is excessive. A sentence imposed within the statutory limits will not be reduced unless a clear abuse of discretion is demonstrated. *State v. Gray*, 122 Ariz. 445, 448, 595 P.2d 990, 993 (1979). An abuse of discretion will not be found absent a decision characterized by arbitrariness, capriciousness, or failure to conduct adequate investigation into facts relevant to sentencing. *State v. Gordon*, 125 Ariz. 425, 428, 610 P.2d 59, 62 (1980).

The statutorily presumptive term of imprisonment for the crime for which appellant was found guilty is five years. A.R.S. § 13–701(B)(2). A presumptive sentence may, however, be increased or decreased by the trial court if aggravating or mitigating circumstances are present. A.R.S. § 13–702(B).

The trial court conducted a presentence hearing and found that the behavior exhibited by appellant as he attempted to elude police was of a dangerous nature. Appellant drove at very high speeds through a residential area. He also tried to force the police vehicle off the road. The court further noted appellant's lack of re-

spect for the law and property of other people, as well as his previous misdemeanor convictions for attempted burglary. The only mitigating circumstance the court found was appellant's age—23 years old. Our review of the record fails to disclose any actions of the trial court amounting to abuse of discretion. We find no error.

The opinion of the Court of Appeals is vacated. The judgment of conviction and the sentence are affirmed.

HOLOHAN, C. J., GORDON, V. C. J., and CAMERON and FELDMAN, JJ., concur.