732 P.2d 218

The STATE of Arizona, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF PIMA; Hon. Gilbert Veliz, a judge thereof; Tucson City Court, Tucson, Arizona; and Hon. Kelly Knop, a Magistrate thereof, Respondents,

and

Hubert G. DeWOLF, Real Party in Interest.

No. 2 CA–SA 0392.

Court of Appeals of Arizona, Division 2, Department A.

Sept. 18, 1986.

Reconsideration Denied Oct. 14, 1986.

Review Denied Jan. 20, 1987.

Frederick S. Dean, City Atty. by R. William Call and Lola C. Rainey, Tucson, for petitioner.

Karp, Stolkin & Weiss, P.C. by Stephen M. Weiss, Tucson, for respondents.

## OPINION

### HATHAWAY, Chief Judge.

The state challenges the superior court's denial of appellate relief from the Tucson city court order granting the motion to vacate judgment filed by the real party in interest, Hubert G. DeWolf. Because the issues presented are of statewide importance in the prosecution of drunk driving cases, and in order to avoid inconsistent rulings in the lower courts, we accept jurisdiction. *See Hinson v. Coulter,* 150 Ariz. 306, 723 P.2d 655 (1986).

DeWolf was charged with violations of A.R.S. § 28–692(A), driving under the influence of intoxicating liquor, and A.R.S. § 28–692(B), driving with a blood alcohol content of 0.10 percent or more. He was tried before a jury in Tucson city court and found guilty of both violations. At trial, the state introduced evidence that DeWolf's intoxilyzer test showed a blood alcohol content of 0.12 percent. The state also called as an expert witness Quentin Peterson, a criminalist from the Tucson Police Department Crime Laboratory. After reviewing Peterson's educational background and experience, the prosecutor asked him whether there was an opinion in the scientific community as to the level of alcohol at which all persons are affected. Over the objection of defense counsel, Peterson was allowed to answer the question and testified that at or above a level of 0.08 percent blood alcohol content, it is dangerous for anyone to operate a motor vehicle.

DeWolf filed a motion to vacate judgment pursuant to Rule 24.2, Rules of Criminal Procedure, 17 A.R.S. The city magistrate granted DeWolf's motion on the ground that the "0.08" testimony was error and ordered that the judgment of guilt as to both charges be vacated. The state's appeal to the superior court was denied, and this special action followed.

The issues raised by the state are: (1) whether the "0.08" testimony is admissible in view of the statutory presumption of intoxication at a blood alcohol content level of 0.10 percent; (2) whether the expert witness was qualified to give an opinion regarding the blood alcohol content level at which all persons are impaired; and (3) whether the admission of the "0.08" testimony resulted in a conviction that was obtained in violation of the federal or state constitutions under Rule 24.2, Rules of Criminal Procedure.

## ADMISSIBILITY OF EXPERT WITNESS' OPINION

During the direct examination of Quentin Peterson, the state asked whether there is "an opinion in the scientific community as to the level of alcohol consumption, level of alcohol in the blood system, a level at which all people are affected." Mr. Peterson testified that there is such an opinion and, over the objection of defense counsel, was permitted to testify that "at or above a level of .08 it's dangerous to operate a motor vehicle for anybody." On cross-examination, the following exchange occurred:

Q. Are you saying, sir, that at a .08 every person in the world is impaired? Is that what you're telling us?

A. Yes.

DeWolf contends that Peterson's opinion testimony was irrelevant, highly prejudicial, confusing to the jury, and contrary to the statutorily-defined presumptions.

A.R.S. § 28–692(A) proscribes the operation of a vehicle by a person who is "under the influence of intoxicating liquor." Section 28–692(E) defines the presumptions which arise from the amount of alcohol in a defendant's blood as shown by, among other things, analysis of that defendant's breath. The subsections particularly applicable to the instant case state the following:

2. If there was at that time in excess of 0.05 per cent but less than 0.10 per cent by weight of alcohol in the defendant's blood, such fact shall not give rise to any presumption that the defendant was or was not under the influence of intoxicating liquor, but such fact may be considered with other competent evidence in determining the guilt or innocence of the defendant.

3. If there was at that time 0.10 per cent or more by weight of alcohol in the defendant's blood, it may be presumed that the defendant was under the influence of intoxicating liquor.

Finally, A.R.S. § 28–692(E)(4) states that the statutorily-defined presumptions "shall not be construed as limiting the introduction of any other competent evidence bearing upon the question of whether or not the defendant was under the influence of intoxicating liquor."

■ We disagree with DeWolf's argument that the "0.08" testimony was not admissible. Such testimony qualifies as "other competent evidence" which bears on the question of whether or not a defendant was "under the influence of intoxicating liquor" in violation of A.R.S. § 28–692(A). A.R.S. § 28–692(E)(2) and (4).

We do not believe that the admission of the "0.08" testimony confused the jury. The trial court's instructions to the jury adequately explained the statutory presumptions and the jurors' option to give the expert testimony whatever weight they deemed proper or to disregard the testimo-ny altogether. Thus, the defense, on cross-examination of the state's expert or by calling its own expert witness, may introduce evidence and argue to the jury that the state's expert testimony should not be given great weight.

In this case, the state introduced evidence that DeWolf's intoxilyzer results showed a blood alcohol content of 0.12 percent. On cross-examination, the defense established that the intoxilyzer result was a close estimate but that the actual blood alcohol content could be higher or lower than the test result. Defense counsel also cross-examined Peterson extensively regarding the effects of alcohol on persons of varying body size and weight, and regarding his education, knowledge of the field and experience. Thus, the jury was entitled to give the "0.08" testimony whatever weight it deemed appropriate. We do not believe that the admission of such testimony confused the jury.

■ Nor do we agree with DeWolf's argument that since the legislature created a statutory presumption, other evidence must be rejected. Both the presumptions and "other competent evidence" can be considered by the jury, which may afford such weight as it deems proper to any evidence regarding the defendant's condition. Just as a defendant is entitled to present evidence to overcome the statutory presumption of impairment as it relates to the charge of driving under the influence of intoxicating liquor, so too is the state entitled to present evidence on that issue. *See Gibson v. Boyle*, 139 Ariz. 512, 679 P.2d 535 (App.1983).

Finally, DeWolf argues that the "0.08" testimony should have been excluded pursuant to Rule 403, Rules of Evidence, 17A A.R.S., based on the prejudice and confusion caused by the admission of the testimony. We do not find, and DeWolf has not pointed out, any specific prejudice or confusion resulting from Peterson's testimony. Furthermore, as we have discussed, the instructions adequately informed the jury regarding the applicability of the statutory

presumptions and its consideration of the expert testimony.

## QUALIFICATION OF EXPERT WITNESS

At trial, defense counsel objected to Peterson's testimony on foundational grounds, arguing that Peterson was not qualified to testify as to his own opinion or as to that of the scientific community in general. The objection was overruled, but at the hearing on DeWolf's motion to vacate judgment, the city magistrate stated "I don't think there's sufficient foundation to allow this man to be an expert to testify as to his opinion of those ultimate facts." Peterson holds a bachelor of science degree in medical technology. He has had three years of prior laboratory experience, and has been employed by the Tucson Police Department Crime Laboratory for two and one-half years. He testified that during his employment with the crime laboratory, he has attended workshops and seminars dealing with the effects of alcohol on the human body and has read current literature in that field. Following the foundational objection to his testimony, he specified various articles and other written materials which he has studied and, based on that literature and his experience in the field, was allowed to testify that at or above a level of 0.08 percent blood alcohol content, all persons are affected. On cross-examination, Peterson testified that since 1983 he has read the summaries of between 100 and 200 articles regarding alcohol, its effects on the human body, and driver impairment. Peterson's duties at the crime laboratory include analyzing trace evidence, dangerous drugs and narcotics and blood specimens, and managing the accuracy and function of the intoxilyzer.

■ DeWolf argues that Peterson's studies of the literature and his experience do not qualify him to testify as an expert witness as to the level at which all persons are affected by alcohol.

Rule 702, Rules of Evidence, 17A A.R.S., provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

An expert witness may testify as to ultimate facts or issues to be decided by the trier of fact. Rule 704, Rules of Evidence, 17A, A.R.S. The question of the competency of a witness to testify as an expert is a matter within the sound discretion of the trial judge. *State v. Macumber*, 112 Ariz. 569, 544 P.2d 1084 (1976). In this case, the city magistrate abused his discretion in granting DeWolf's motion to vacate the judgment based on his conclusion that he had erroneously admitted the testimony of Peterson.

■ An expert is one whose opinions are based on special knowledge with which he can assist the jury. He need not be a professional, but may be a lay person who has knowledge superior to people in general through actual experience or careful study. He need not have the highest degree of skill or knowledge; any deficiency in that regard goes to the weight of his testimony and not to its admissibility. The defense may call an expert witness who disagrees with the "0.08" testimony and the jury will afford the experts' opinions whatever weight it finds proper.

■ Our supreme court has quoted with approval the following:

"[T]he only true criterion is: on *this subject* can a jury receive from *this person* appreciable help? In other words, the test is a relative one, depending on the particular subject and the particular witness with reference to that subject, and is not fixed or limited to any class of persons acting professionally ..." (emphasis in original). 7 Wigmore, Evidence § 1923 at 29 (Chadbourne Rev.1978).

*Bliss v. Treece*, 134 Ariz. 516, 518, 658 P.2d 169, 172 (1983). In the instant case, Peterson had attended seminars regarding the

effect of alcohol on the human body and, during the course of his employment at the crime laboratory, had reviewed numerous articles and other publications on that subject. Additionally, while Peterson did not testify directly that experts in the field would rely on the publications which he had studied and which formed the basis for his opinion, common sense tells us that such a direct question and answer is unnecessary. An expert relies upon the experience and practical knowledge of others who are themselves experts in a given field. Thus, Peterson's "0.08" opinion testimony resulted from his study of literature which experts in the field would normally rely upon in forming such an opinion. *See generally State v. Girdler*, 138 Ariz. 482, 675 P.2d 1301 (1983), *cert. denied*, 467 U.S. 1244, 104 S.Ct. 3519, 82 L.Ed.2d 826 (1984); *State v. Hersch*, 135 Ariz. 528, 662 P.2d 1035 (App.1982); *Godwin v. Farmers Insurance Company of America*, 129 Ariz. 416, 631 P.2d 571 (App.1981). It was for the trier of fact to weigh Peterson's testimony, and it was within its province to reach its own conclusion regarding whether DeWolf was under the influence of intoxicating liquor.

In view of our disposition of the above issues, we need not address the remaining issues. The order of the superior court is vacated, and this case is remanded to city court with instructions to reinstate the jury's verdict and enter judgment accordingly.

HOWARD, P.J., and FERNANDEZ, J., concur.