746 P.2d 30

**Ronald D. ANDERSON, Plaintiff/Appellee,**

v.

**STATE of Arizona, Defendant/Appellant.**

**No. 2 CA–CV 87–0145.**

Court of Appeals of Arizona, Division 2, Department B.

Nov. 10, 1987.

Frederick S. Dean, City Atty. by R. William Call and George W. Bromley, Tucson, for defendant/appellant.

Karp, Stolkin, Weiss & McDonald by Stephen M. Weiss and Margo Z. Pitt, Tucson, for plaintiff/appellee.

OPINION

LIVERMORE, Presiding Judge.

Appellee Ronald D. Anderson was charged in Tucson City Court in two counts with driving while being intoxicated under A.R.S. § 28–692(A) and driving with a blood-alcohol level greater than 0.10% (the test result was 0.12%) in violation of A.R.S. § 28–692(B). After it was discovered that the state would offer evidence relevant to the § 28–692(A) charge that everyone is adversely impaired when blood-alcohol exceeds 0.08%, defendant moved for a severance of the charges. The motion was denied in city court. Defendant successfully sought special action relief in superior court. The state now appeals. We reverse.

Special action relief was sought on the basis that the city magistrate abused her discretion or acted in excess of her jurisdiction in refusing to sever the charges. In reviewing such a claim, the

290

superior court sits not to decide how it would exercise its discretion but whether the trial court abused its discretion. When charges are properly joined, as they were here under Rule 13.3(a)(2), Rules of Criminal Procedure, 17 A.R.S., as being based on the same conduct, a failure to sever under Rule 13.4 as "necessary to promote a fair determination" of guilt under each charge may be overturned only on a clear showing of abuse of discretion and resulting prejudice. See *State v. Day*, 148 Ariz. 490, 715 P.2d 743 (1986); *State v. Lucas*, 146 Ariz. 597, 708 P.2d 81 (1985).

■ Defendant argues that testimony of impairment at 0.08% blood alcohol, relevant and admissible on the § 28–692(A) charge under *State v. Superior Court*, 152 Ariz. 327, 732 P.2d 218 (App.1986), is irrelevant and prejudicial to the § 28–692(B) charge. Admittedly, it is irrelevant. It is not, however, prejudicial. Indeed it is helpful. Because evidence of physical impairment is admissible to corroborate a blood-alcohol reading in excess of 0.10%, *Fuenning v. Superior Court*, 139 Ariz. 590, 680 P.2d 121 (1983), evidence that one is impaired below 0.10% actually tends to disprove guilt of the § 28–692(B) charge.

■ Beyond that, were we to accept defendant's argument that severance is required whenever evidence is admissible on only one of two joined charges, we would effectively eviscerate the joinder rules. Joinder cannot be resisted simply on the ground that proof of guilt on one charge will make the trier more likely to find guilt on the other charge. *State v. Gilbert*, 119 Ariz. 384, 581 P.2d 229 (1978). There being no error in the joinder, the superior court erred in finding an abuse of discretion and granting special action relief.

Reversed.

ROLL and FERNANDEZ, JJ., concur.