NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE TYRUS T.

No. 1 CA-JV 19-0026
FILED 7-2-2019

Appeal from the Superior Court in Yuma County
No. S1400JV20160449
The Honorable Kathryn Stocking-Tate, Judge

**AFFIRMED**

COUNSEL

Yuma County Public Defender, Yuma
By Robert Trebilcock
*Counsel for Appellant*

Yuma County Attorney, Yuma
By Griselda Cordova, Chris Weede
*Counsel for Appellee*

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Kenton D. Jones joined.

**T H O M P S O N**, Judge:

¶1        Tyrus T. (juvenile) appeals from the juvenile court's order transferring him to adult court.  For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        In August 2018, Yuma police arrested juvenile after observing him getting out of a Chevrolet Silverado that had been reported stolen. Juvenile admitted that he took the truck.  Police found two baggies of marijuana in juvenile's backpack and a loaded pistol magazine in the truck. Juvenile was released to his guardian.

¶3        Later that month, police investigating a homicide learned that juvenile had been driving a Hyundai Sonata that had been reported stolen. On August 15, 2018, officers observed juvenile commit a minor traffic infraction and attempted to pull him over.  Juvenile did not pull over, and a high-speed chase ensued.  At one point, juvenile almost ran over an elderly man.  The chase ended after juvenile rear-ended a parked vehicle in a residential area.  Juvenile ran from police but was apprehended.  Juvenile admitted having stolen the Sonata.

¶4        In September 2018, the state filed a delinquency petition alleging that juvenile had committed theft of means of transportation (the Chevy Silverado), and possessed marijuana and drug paraphernalia.  The state filed a second delinquency petition in October 2018 alleging that juvenile had committed theft of means of transportation (Hyundai Sonata), unlawful flight from a law enforcement vehicle, endangerment, and two counts of criminal damage.

¶5        In November 2018, the state filed a motion to transfer juvenile's charges to superior court for prosecution as an adult offender. After a hearing in January 2019, the juvenile court found probable cause for all of the charges against juvenile except the two criminal damage counts. The court further found that public safety would be served by transferring juvenile to adult court.  Juvenile timely appealed.  We have jurisdiction pursuant to Arizona Rule of Procedure for Juvenile Court 103(A).

## DISCUSSION

¶6        Juvenile raises two issues on appeal:  1) whether the juvenile court abused its discretion by denying his requests to continue the transfer hearing, and 2) whether the court used unconstitutionally vague criteria in deciding whether to transfer the case to superior court because it decided that all of juvenile's charges were "serious," and considered his previous residential commitment.

## A. Motion to Continue Transfer Hearing

¶7          At the beginning of the transfer hearing, juvenile made an oral motion for a continuance to seek a neuropsychological examination performed by a forensic psychologist. The state objected, noting that it was ready to proceed with the testimony of multiple subpoenaed witnesses and that juvenile's counsel had previously indicated that he would not be requesting a psychological evaluation because he did not want the state to have access to such an evaluation. The juvenile court denied the motion as untimely and found that a continuance would cause undue delay. Prior to the start of the public safety phase of the hearing, juvenile again moved to continue the hearing and the court denied the motion.

¶8          "The granting of a continuance is within the discretion of the trial court, and its decision will only be disturbed upon a showing of a clear abuse of discretion and prejudice to [the] defendant." *State v. Amaya-Ruiz*, 166 Ariz. 152, 164 (1990) (citations omitted). Arizona Rule of Procedure for Juvenile Court (Rule) 15(A) provides that all motions shall be in writing unless the court authorizes an oral motion. Rule 15(C) provides that a motion to continue "shall be granted only upon a showing that good cause exists and that delay is indispensable to the interests of justice."

¶9          We find no abuse of discretion. As noted by the trial court, the state's motion to transfer was filed a full two months prior to the hearing and yet juvenile did not move for a continuance until the day of the hearing.[1] The court further noted that juvenile had previously decided not to pursue a psychological or "mental statu[s] evaluation," and that setting

---

[1]  Juvenile argues that the state delayed filing its petitions and motion to transfer, giving it almost three months to strategize, while in contrast he had less than sixty days to determine his course of action about seeking specialized psychological testing. According to juvenile, he "was only seeking adequate time to counteract the effect of the State's delay of seeking to transfer his case." The acts juvenile was charged with in the September 25, 2018 petition allegedly occurred August 8-9, 2018, and the acts he was charged with in the October 19, 2018 petition allegedly occurred on August 15, 2018. The state's motion to transfer was filed on November 5, 2018. Arizona Rule of Juvenile Court 34(D) provides that a motion to transfer shall generally be filed within fifteen days of the advisory hearing. Here, the motion to transfer was filed within twelve days of the October 24, 2018 advisory hearing. Juvenile's argument that the state delayed and he was prejudiced is without merit.

one up could potentially delay the proceedings by several months. The court also expressed a valid concern about the lack of a written motion to continue which would have allowed the state to respond in writing before the hearing. The court was well within its discretion to deny the motion to continue.

## B. Constitutionality of Transfer Statute & Decision to Transfer

**¶10**        We review the juvenile court's transfer order for an abuse of discretion. *Coconino Cty. Juv. Action No. J-10359*, 157 Ariz. 81, 89 (App. 1987). We will not substitute our judgment for that of the juvenile court and will sustain the court's order if reasonable evidence in the record supports it. *Maricopa Cty. Juv. Action No. A-25525*, 136 Ariz. 528, 533 (App. 1983). We will presume a statute to be constitutional and will uphold the statute unless it is clearly unconstitutional. *State v. Ramos*, 133 Ariz. 4, 6 (1982) (citation omitted).

**¶11**        When the state seeks to transfer a juvenile to adult court, Arizona Revised Statutes (A.R.S.) section 8-327(C) (2019)[2] requires the state to prove "by a preponderance of the evidence that probable cause exists to believe that the offense was committed, that the juvenile committed the offense and that the public safety would best be served by the transfer of the juvenile for criminal prosecution. . . ." In determining whether the public safety would be best served by transferring the juvenile, the court "shall consider the following factors . . .":

> 1. The seriousness of the offense involved.
>
> 2. The record and previous history of the juvenile, including previous contacts with the courts and law enforcement, previous periods of any court ordered probation and the results of that probation.
>
> 3. Any previous commitments of the juvenile to juvenile residential placements and secure institutions.

---

[2] We cite to the current version of any statute unless the statute was amended after the pertinent events and such amendment would affect the result of this appeal.

4.  If the juvenile was previously committed to the department of juvenile corrections for a felony offense.

5.  If the juvenile committed another felony offense while the juvenile was a ward of the department of juvenile corrections.

6.  If the juvenile committed the alleged offense while participating in, assisting, promoting or furthering the interests of a criminal street gang, a criminal syndicate or a racketeering enterprise.

7.  The views of the victim of the offense.

8.  If the degree of the juvenile's participation in the offense was relatively minor but not so minor as to constitute a defense to prosecution.

9.  The juvenile's mental and emotional condition.

10.  The likelihood of the juvenile's reasonable rehabilitation through the use of services and facilities that are currently available to the juvenile court.

A.R.S. § 8-327(D).

¶12        Juvenile argues that statutory factors (D)(1) and (D)(3) are unconstitutionally vague as applied in this case. (OB at 20-21). Juvenile argues that by not defining "serious," section (D)(1) "does not give fair warning to ordinary persons as to what charges are included in that factor." Here, the juvenile court found that all of juvenile's remaining offenses after dismissal of the criminal damage counts were serious. The court noted:

> With regards to the Juvenile Court petition filed September 25th, 2018 [first petition], Tyrus is accused of stealing a car and when contacted by law enforcement . . . he was found to be in possession of marijuana, drug paraphernalia and several rounds of ammunition and a loaded 9 millimeter pistol magazine.

> With regards to the Juvenile Court petition filed October 19th, 2018 [second petition], Tyrus is accused of being in possession of a stolen vehicle . . . and when law enforcement attempted to contact Tyrus, he fled in the vehicle. While fleeing from law enforcement, he traveled at high rates of speeds through residential neighborhoods . . . at one point almost striking an elderly gentleman. After crashing the vehicle, Tyrus ran from law enforcement and engaged in a foot pursuit until he was taken into custody.

The court ultimately designated the counts of the criminal complaint upon which juvenile would be tried in adult court as follows: first petition—count one: theft of means of transportation, a class three felony; count two: possession of marijuana, a class six felony; count three: possession of drug paraphernalia, a class six felony; second petition—count one: theft of means of transportation, a class three felony; count two: unlawful flight from pursuing law enforcement, a class five felony; count three: endangerment, a class six felony.

¶13 Noting the definitions of "serious" in several criminal statutes that do not apply here, juvenile argues that the term "serious" means that a high level of severity is required under the transfer statute and that the charges in the petitions were not "serious." However, all of juvenile's charges were ultimately designated as felony charges and the juvenile court did not abuse its discretion in concluding the charges were serious. And the statute's lack of a definition for "serious" does not make it unconstitutionally vague. A.R.S. § 8-327(D) is not a criminal statute, but instead provides a list of criteria for the juvenile court to consider in making a transfer decision. *But cf. State v. Steiger*, 162 Ariz. 138, 141 (App. 1989) ("[A] penal statute is vague if it fails to give persons of average intelligence reasonable notice of what behavior is prohibited or is drafted in such a manner that it permits arbitrary and discriminatory enforcement.") (citation omitted).

¶14 Juvenile also argues that A.R.S. § 8-327(D)(3) is unconstitutional because it does not provide guidance about how the juvenile court should treat commitments to juvenile residential placements, which allows courts to act arbitrarily. Here, the court found that juvenile had previously been placed in residential substance abuse treatment. All section (D)(3) requires is that the court consider whether a juvenile was

previously committed to a juvenile residential placement or secure institution. A.R.S. § 8-327(D)(3). The statute is not vague or unclear about the requirement that the court consider previous residential placements, and the court did not abuse its discretion or act arbitrarily by making the finding.

## CONCLUSION

¶15 For the foregoing reasons, we affirm the juvenile court's transfer order.



AMY M. WOOD • Clerk of the Court
FILED: AA